The STATE of Ohio, Appellee,

v.

GIBSON, Appellant.

[Cite as *State v. Gibson* (1993), 89 Ohio App.3d 188.]

Court of Appeals of Ohio,
Paulding County.

No. 11–93–2.

Decided Aug. 19, 1993.

*R. Kelly Ormsby III,* Paulding County Prosecuting Attorney, for appellee.
*James C. King,* for appellant.

EVANS, Presiding Judge.

This is an appeal by Bobby Ray Gibson from a judgment of the Court of Common Pleas of Paulding County convicting him of having weapons while under a disability in violation of R.C. 2923.13(A)(2).

Relying on information provided by one of appellant's neighbors, sheriff's deputies obtained a search warrant for the mobile home where appellant was residing. During the search deputies discovered five loaded guns in the bedroom that appellant slept in. Additional guns and ammunition were found in the kitchen and living room. Because appellant had been previously convicted of an offense of violence, he was prohibited by R.C. 2923.13(A)(2) from knowingly acquiring, having, carrying or using any firearm or dangerous ordnance. Appellant was arrested and charged with having weapons while under a disability. At his jury trial appellant defended against the charge by contending that he did not permanently reside in the mobile home where the guns had been found, but was only staying there part time with his girlfriend, Ann Deel. He also alleged that all seven of the guns were owned by Deel and that he never used them. Appellant was found guilty and sentenced to imprisonment for a period of one and one half years.

From this judgment appellant appeals. The first of appellant's two assignments of error contends:

"The trial court erred in its instruction of the term 'have' by failing to include therein that in order 'to have' a firearm within the meaning of O.R.C. 2923.13 the individual must either actually or constructively possess it."

The trial court informed the jury of the definition of "have" in its opening remarks prior to any testimony and in its final instructions prior to the jury commencing deliberations. The court instructed the jury as follows:

"To 'have' as used in this statute means to possess or have possession of. A person has possession when he has the object on or about his person, property or places where it is accessible to his use or direction and he has the ability to control its use. Ownership is not necessary. A person may possess or control property belonging to another. Two or more persons may have possession of the same object, if together they have the ability to control it exclusive of others."

At trial appellant objected to this instruction, challenging "the overly broad definition of the word 'have' and its apparent inconsistency with the federal Constitution of our country regarding the right to bear arms." Appellant asserted that the instruction violated Deel's Second Amendment right to bear arms by precluding her from both having firearms and befriending a convicted felon who was under a weapons disability. After considering the objection's constitutional nature, the trial court overruled the objection.

On appeal, appellant contends that this instruction equated "access" to a weapon with "having" a weapon and allowed the jury to find him guilty because his girlfriend possessed weapons in the mobile home where they were living. Because appellant did not object on this basis at trial, he has waived any claim of error, unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, syllabus. The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279; *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367; *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus; *State v. Glaros* (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus. The purpose of this policy is to avoid or correct errors occurring at trial by first affording the trial court an opportunity to consider an objection, and the basis upon which it was made. In the present case the trial court was not given an opportunity to consider the claim of error appellant raises in this court. Nor did appellant provide the trial court with any proposed jury instructions as permitted by Crim.R. 30. We must therefore review the assignment of error on a plain-error basis.

In support of this assignment of error appellant cites *State v. Hardy* (1978), 60 Ohio App.2d 325, 327, 14 O.O.3d 289, 290, 397 N.E.2d 773, 775, where the Court of Appeals for Cuyahoga County held that in order to "have" a firearm, the defendant must either actually or constructively possess it. In *Hardy* the defendant was employed in a beverage store owned by his wife. The defendant and other employees had knowledge of and physical access to a loaded rifle. Because it was not shown by the prosecution that the defendant had ever exercised dominion or the sort of control over the rifle that comes with ownership or actual possession, the court concluded that the defendant did not "have" the weapon in violation of R.C. 2923.13.[1]

In contrast to *Hardy*, there was evidence in the present case that appellant, while under a disability, actually possessed at least two firearms. For example, Mr. Evans testified that he and appellant had gone hunting, with appellant using a .12 gauge shotgun. Evans also testified that he had sold a 30.06 rifle to appellant. Both the 30.06 rifle which appellant purchased and a .12 gauge shotgun were among the firearms discovered by sheriff's deputies in the mobile home where appellant was living. Appellant contends that the jury could not conclude that his purchase and ownership of the rifle were equal to his "having" a gun because the trial court did not so instruct the jury. We disagree. The court only said ownership is not a necessary element of "having," not that ownership would prevent the condition of "having." Evans testified that he sold the 30.06 rifle directly to appellant and the rifle was found in the mobile home. The jury could therefore infer that appellant had taken immediate possession of the rifle in exchange for the payment to Evans.

Also, the instruction given by the trial court was taken almost verbatim from *Booker v. Engle* (S.D.Ohio 1981), 532 F.Supp. 386, where the Federal District Court for the Southern District of Ohio provided a detailed analysis of the propriety of this specific instruction in relation to the *Hardy* opinion. The district court stated that the instruction did not erroneously equate "access" with "having a weapon." Because the trial court instructed the jury that "have," as used in R.C. 2923.13, means "possessed," and that "possession" required control or the ability to control in addition to access, the instruction was sound.

Appellant's first assignment of error is overruled.

In his second assignment of error appellant argues:

---

1. Although the court stated the defendant technically "had" the rifle when he shot it at a robber in self-defense, the court created an exception to R.C. 2923.13, holding that the statute could not restrict the right of an individual under a disability from acting in self-defense when the individual did not knowingly acquire, have, carry or use a firearm previously. *Hardy*, 60 Ohio App.2d at 330, 14 O.O.3d at 292, 397 N.E.2d at 777.

"The trial court erred in failing to grant appellant's motion for judgment of acquittal at the conclusion of the state's case when no evidence was presented to establish appellant had not been relieved from disability as provided by Ohio Revised Code section 2923.14."

Essentially, appellant contends that the fact that he had not been relieved of the disability was an element of the offense which the state had to prove. Appellant cites no authority to support his proposition.

R.C. 2923.13(A)(2) reads in relevant part:

"Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

" * * *

"(2) Such person is under indictment for or has been convicted of any felony of violence * * *."

Appellant's assignment of error is overruled on the authority of *State v. Jordan* (Aug. 9, 1976), Geauga App. No. 673, unreported, holding that the condition in R.C. 2923.13 that the defendant has not been "relieved from disability as provided in section 2923.14 of the Revised Code" is not an element of the offense which must be proven by the state, but is an affirmative defense that may be asserted by a criminal defendant. See, also, *State v. Laney* (Nov. 4, 1983), Champaign App. No. 83–CA–2, unreported, 1983 WL 2535, and *State v. Hart* (Oct. 18, 1988), Licking App. No. 3353, unreported, 1988 WL 119908.

In a prosecution for having weapons while under disability, the defendant is in the best position to show that his disability had been removed. Requiring the state to prove that the defendant never applied for and was never granted relief from disability is an onerous burden which was not intended by the legislature in its enactment of R.C. 2923.13.

Appellant's second assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.