In re FORFEITURE OF REAL PROPERTY
AT 363 DURFEE DRIVE, Marion, Ohio.

[Cite as *In re Forfeiture of Real Property at 363
Durfee Drive* (1996), 111 Ohio App.3d 89.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–95–40.

Decided May 15, 1996.

*Clifford C. Spohn,* for appellant.

*Jim Slagle,* Marion County Prosecuting Attorney, and *Renee L. Potts,* Assistant Prosecuting Attorney, for appellee.

HADLEY, Presiding Judge.

Appellant, Steven C. Lake, appeals from a judgment entry of the Marion County Court of Common Pleas that found certain real property of appellant's to be contraband and, therefore, required to be forfeited pursuant to R.C. 2933.43.

On May 31, 1995, a Marion County jury found appellant guilty of one count of violating R.C. 2913.02(A)(3), theft. On June 28, 1995, the Marion County Court of Common Pleas sentenced appellant for his violation of R.C. 2913.02(A)(3). We have affirmed that judgment of the trial court. See *State v. Lake* (May 15, 1996), Marion App. No. 9-95-29, unreported. The basis for the theft conviction was that appellant, as publisher of the Marion Star newspaper, had exerted control over money of the Marion Star by deception, and used it to renovate his personal residence in an amount not exceeding $100,000. Appellant's personal residence, known as the 363 Durfee Drive property, is the subject of the forfeiture action.

At the time the original indictment against appellant was filed in November 1994, the state also initiated forfeiture proceedings against certain real property held in the name of appellant and his wife.[1]

On July 10, 1995, subsequent to appellant's conviction for theft, the trial court held a hearing to determine whether the real property was contraband of the theft offense and should thus be forfeited.

On August 7, 1995, the trial court determined that appellant's personal residence was contraband and therefore, pursuant to R.C. 2933.43, should be forfeited.

On August 30, 1995, appellant timely filed a notice of appeal from the trial court's judgment entry and asserted two assignments of error for our review.

### Assignment of Error Number I

"The state failed to prove the property was contraband and subject to forfeiture."

The trial court reached the following conclusion regarding the issue of whether the property located at 363 Durfee Drive was contraband:

"Upon the evidence presented, the exhibits introduced, the stipulations of the parties, and their respective arguments, the Court finds that the real property located at 363 Durfee Drive, Marion, Ohio was contraband within the meaning of R.C. 2901.01(M)(2) and (9) at the time the forfeiture petition was filed, that

---

1. Pursuant to agreement with the prosecuting attorney, appellant's wife, Bonita Lake, who held a one-half interest in the 363 Durfee Drive property, was, upon order of forfeiture, to be paid one half of her one-half interest in the property.

Steven C. Lake was in possession of said contraband, that said contraband was the result of property obtained through the commission of a felony crime, that Steven C. Lake was convicted of a felony theft offense in Case No. 94–CR–0193 directly related to this contraband, and that the proceeds from the sale of said real estate are therefore contraband and should be forfeited, all in accordance with R.C. 2933.43."

Appellant argues that the trial court erred in its conclusion that the real property was "the *result* of property obtained through the commission of a felony crime" (emphasis added) and therefore contraband, because this was not a sufficient nexus to seize the property.

The trial court relied upon R.C. 2901.01(M)(2) and (9) to support is finding that the real property located at 363 Durfee Drive was contraband. R.C. 2901.01(M)(2) and (9) state:

"(M) 'Contraband' means any property described in the following categories:

" * * *

"(2) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it;

" * * *

"(9) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties."

■  Appellant's felony conviction involved his theft of his employer's money to renovate his personal residence. Thus, these circumstances place the personal residence squarely within the definition of contraband, as defined in R.C. 2901.01(M)(2) and (9), as the renovations to appellant's personal residence were acquired through the proceeds of his theft, as determined by a court of law, of his employer's money.

Therefore, there is no error in the trial court's finding that the property at 363 Durfee Drive was contraband.

Appellant's first assignment of error is overruled.

### Assignment of Error Number II

"The trial court's finding that all the property known as 363 Durfee Drive was contraband and subject to forfeiture was not supported by the evidence."

Appellant asserts that the trial court erred by ordering forfeited both parcels of land that constituted 363 Durfee Drive. Appellant argues that only the parcel with the residence on it should have been forfeited and that the second parcel, a vacant lot, should not have been forfeited.

■ The record contains a response to the forfeiture petition by appellant's counsel which states that forfeiture should not be granted as to the vacant lot; however, at the July 10, 1995 forfeiture hearing, appellant did not raise this issue to the trial court or otherwise object to the state's inclusion of the vacant lot in its petition. It is well established appellate law that an alleged error is deemed to be waived if the defendant did not raise the alleged error to the trial court, unless, but for the error, the outcome of the trial clearly would have been different. *State v. Gibson* (1993), 89 Ohio App.3d 188, 623 N.E.2d 1266.

■ Regardless whether appellant, who appeared *pro se* at the forfeiture hearing, objected to the forfeiture of the vacant lot at the hearing, we find no error, harmless or prejudicial, in the trial court's inclusion of the vacant lot in its order of forfeiture. As pointed out by the assistant prosecutor in her brief and at oral argument, the vacant lot appreciated in value as a result of the renovations (contraband, see Assignment of Error Number I analysis) to the lot with the home on it. Both lots were sold together to appellant in 1991 for approximately $128,000; four years later on June 30, 1995, both lots were again sold together for approximately $170,000. The increase in value of the property occurred to *both* lots. Therefore, the trial court did not err in ordering both lots, collectively known as 363 Durfee Drive, forfeited.

Appellant's second assignment of error is overruled.

The judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.