JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Niclaus Ciambelli, appeals convictions for felonious assault pursuant to R.C. 2903.11(A)(2) and having weapons while under a disability pursuant to R.C. 2923.13(A)(1). In his first assignment of error, he contends that the state's evidence was insufficient to support his convictions. In his third assignment of error, he contends that the trial court erred in overruling his Crim.R. 29 motions for judgments of acquittal. Because a motion for a judgment of acquittal challenges the sufficiency of the evidence, we address these assignments of error together. See State v. Smith (1998), 130 Ohio App.3d 360,720 N.E.2d 149; State v. Cedeno (Oct. 23, 1998), Hamilton App. No. C-970465, unreported.
After reviewing the record, we hold that the state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact that Ciambelli had knowingly caused or attempted to cause physical harm to the victims by means of a deadly weapon, specifically, a bludgeon. Consequently, the evidence was sufficient to support his conviction for felonious assault. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus; State v. Deboe (1977),62 Ohio App.2d 192, 406 N.E.2d 536. Further, the state's evidence showed that Ciambelli acted both as a principal offender and as an aider and abettor of the group of associates who together attacked the victim. The state presented evidence showing that Ciambelli was not just a passive bystander, but that he actively assisted in the assault. See State v. Widner (1982), 69 Ohio St.2d 267,431 N.E.2d 1025; State v. Woods (1988), 48 Ohio App.3d 1,548 N.E.2d 954; State v. Martin (Oct. 24, 1997), Hamilton App. No. C-960563, unreported. Ciambelli contends that the state's evidence was not believable, but matters as to the credibility of evidence are primarily for the trier of fact to decide. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Additionally the evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact that Ciambelli had knowingly acquired, had, carried, or used a firearm while he was a fugitive from justice. Ciambelli admitted to keeping the weapon for a friend and, therefore, acknowledged having actual possession of the weapon. Consequently, the evidence was sufficient to support Ciambelli's conviction for having weapons while under a disability. SeeJenks, supra, at paragraph two of the syllabus; State v. Gibson
(1993), 89 Ohio App.3d 188, 623 N.E.2d 1266. Accordingly, we overrule his first and third assignments of error.
In his second assignment of error, Ciambelli contends that his convictions are against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse the convictions and order a new trial. Therefore, Ciambelli's convictions are not against the manifest weight of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272. Accordingly, we overrule his second assignment of error.
In his fourth assignment of error, Ciambelli contends that the trial court erred in admitting hearsay statements of co-conspirators into evidence without independent proof of the conspiracy, as required by Evid.R. 801(D)(2)(e). Ordinarily, "[t]he admission or exclusion of relevant evidence rests within the discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. However, the trial court does not have discretion to admit hearsay. Under Evid.R. 802, the court must exclude hearsay unless it falls within one of the exceptions set forth in the rules of evidence. Meyers v. Hot Bagel Factory, Inc. (1999), 131 Ohio App.3d 82,721 N.E.2d 1068. Here, the record reveals that the trial court actually sustained most of Ciambelli's hearsay objections and that very little of the testimony of which he complains was prejudicial. Any hearsay statements that the court did admit into evidence were properly qualified as statements of the declarant's then-existing state of mind pursuant to Evid.R. 803(3). See State v. Davis (1991), 62 Ohio St.3d 326,581 N.E.2d 1362; State v. Sutorius (1997), 122 Ohio App.3d 1, 701 N.E.2d 1. Accordingly, we overrule Ciambelli's fourth assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _______________ Doan, P.J.
Painter and Sundermann, JJ.