[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant David A. Schneider appeals from the judgment of the trial court convicting him of having a weapon under a disability in violation of R.C. 2923.13(A)(2). Finding no error, we affirm.
On September 11, 1999, Cincinnati police responded to a report of a shooting at Schneider's residence. Schneider was alone in his apartment and had been shot in the neck. No gun was found at the scene. Schneider informed the police that a man had entered the apartment, demanded money, and then shot Schneider when Schneider stated that he had no money. Schneider was taken to the hospital for treatment.
After interviewing witnesses to the incident, the police determined that Schneider had not told the truth about the shooting. At the hospital, Schneider told a police officer that he had in fact lied about the events of the evening. He stated that he was at his apartment when a friend named Russell Neuman arrived. Someone else, whom Schneider refused to name, had been at the apartment earlier and had left a gun on the living-room table. Neuman picked up the gun and accidentally discharged it, wounding Schneider. Schneider told Neuman to take the gun and get rid of it. Schneider and Neuman were convicted felons, and Schneider did not want either of them to get into trouble because of the gun.
R.C. 2923.13(A)(2) prohibits a person convicted of a violent felony offense from acquiring, having, carrying, or using a firearm. Schneider had been convicted of aggravated robbery.
Schneider claims that the evidence was insufficient to prove beyond a reasonable doubt that he had a weapon under a disability. Sufficiency is a test of the legal adequacy of the evidence.[1] To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2]
The trial court held that no evidence was presented that Schneider had acquired, used or carried a firearm, but that sufficient evidence demonstrated that he "had" a weapon because he exercised dominion and control over the weapon while it was in his apartment. We likewise hold that the evidence was sufficient to prove that Schneider had a weapon.
Possession of a firearm for purposes of R.C. 2923.13(A)(2) can be actual or constructive.[3] Constructive possession may be established by showing that "the defendant [was] able to exercise dominion and control over the object."[4] In this case, Schneider admitted that someone, whom he would not name, had left the gun on a table in the living room of the apartment where he lived. The evidence presented supports the inference that Schneider was alone in the living room before Neuman entered the apartment, and that some period of time had passed since the unnamed person had been in the apartment and left the gun on the table. This evidence was sufficient to establish that Schneider was able to exercise dominion and control over the gun.
In State v. Hardy, cited by Schneider, the court held that an employee's knowledge of the presence of a weapon and his access to the weapon at his place of employment were insufficient to demonstrate that the employee had constructive possession of the weapon.[5] Here, the record demonstrates more than mere knowledge and access. Schneider was the resident of the apartment and had, at least for some period of time before Neuman arrived, sole control of the premises when the gun was present. Additionally, evidence established that the employee in Hardy had not acquired the gun himself, while the trial court in this case was free to disbelieve Schneider's testimony that a mysterious stranger had left it in his living room. Therefore, we hold that the evidence was sufficient to establish a violation of R.C.2923.13(A)(2).
We also hold that the judgment was not against the manifest weight of the evidence. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6] The evidence against Schneider in this case consisted primarily of his own admissions. There were no substantial conflicts in the evidence demonstrating that Schneider "had" a weapon.
Finally, Schneider claims that his trial counsel was ineffective because he failed to object to the use of Schneider's admissions before the state had established the corpus delicti of the offense. Before a defendant's confession may be used to convict him of an offense, the state must demonstrate, by other evidence, the corpus delicti of the crime, which consists of evidence of an act and the criminal agency of the act.[7] InState v. Maranda,[8] the Supreme Court of Ohio stated,
 This doctrine touching corpus delicti is of ancient origin and was born out of great caution by the courts, in consideration of certain cases of homicide wherein it had turned out that by reason of a failure of the government to prove the death of the person charged as having been murdered it so happened that such person sometimes survived the person accused as his murderer. Therefore, the rule that there must be some evidence tending to prove the fact that death had actually ensued; which was later followed by an additional requirement of some evidence that that death was brought about by some criminal agency.
Because of the "myriad procedural protections" afforded defendants in modern criminal practice, however, "the corpusdelicti rule is supported by few practical or social policy considerations."[9] Courts have refused to apply it "with a dogmatic vengeance,"[10] particularly in non-homicide cases.
Here, the state was required to present some evidence tending to establish some material element of the offense charged, although its proof did not need to rise to the level of proof beyond a reasonable doubt and or even to establish a prima facie case.[11] The state presented evidence that a gun was present in Schneider's home and that Schneider had previously been convicted of a felony offense of violence. While this evidence would not have been sufficient to convict Schneider of the charged offense, it was sufficient to establish the corpus delicti of the crime and allow introduction of Schneider's admissions. Thus, Schneider's trial counsel was not ineffective for failing to raise this issue in the trial court.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Messer (1995), 107 Ohio App.3d 51, 56,667 N.E.2d 1022, 1025.
[4] See State v. Smith (1993), 92 Ohio App.3d 172, 175,634 N.E.2d 659, 661; State v. Gibson (1993), 89 Ohio App.3d 188, 191,623 N.E.2d 1266, 1268.
[5] See State v. Hardy (1978), 60 Ohio App.2d 325, 327,397 N.E.2d 773, 775.
[6] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720; Thompkins, supra, at 386, 678 N.E.2d at 546.
[7] See State v. Edwards (1976), 49 Ohio St.2d 31,358 N.E.2d 1051, paragraph one of the syllabus.
[8] 94 Ohio St. 364, 370, 114 N.E. 1038, 1040.
[9] See State v. Van Hook (1988), 39 Ohio St.3d 256, 261,530 N.E.2d 883, 888.
[10] See id.
[11] See Maranda, supra, at paragraph two of the syllabus.