[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Timothy Comberger appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted, after a jury trial, of having a weapon under disability, in violation of R.C.2923.13(A)(2). The jury acquitted Comberger of the offense of possession of criminal tools. Comberger advances two assignments of error in support of this timely appeal. Finding neither assignment to have merit, we affirm the judgment of the court below.
In his first assignment of error, Comberger urges that his conviction is against the sufficiency as well as the weight of the evidence. We are unpersuaded.
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1]
R.C. 2923.13(A)(2) prohibits, in part, a person from acquiring, having, carrying, or using a firearm if that person has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence. Comberger stipulated at trial that he had been adjudicated a delinquent child as required by the statute. He claims that the evidence was insufficient to prove that he had, carried or used a firearm because the gun was found in a car in which he and three other persons had been riding and his fingerprints were not on the gun. Comberger claims that there was no evidence that he, as opposed to the other persons in the car, possessed the gun.
Possession of a firearm for purposes of R.C. 2923.13(A)(2) can be actual or constructive.[2] Constructive possession may be established by showing that "the defendant [was] able to exercise dominion and control over the object."[3] In this case, the police testified that when they stopped the car in which Comberger was riding, they saw him make suspicious movements near his feet and legs, as though he were trying to hide something. When they searched the car, they located the gun shoved between the car and the seat cushion in the area where Comberger had been sitting and where his hands had been when the car was stopped. The gun was not within the reach of anyone else in the car. Our review of the record convinces us that the state presented sufficient circumstantial evidence that Comberger possessed a gun in violation of R.C. 2923.13.
To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[4] Comberger claims that the manifest weight of the evidence showed that the furtive or suspicious movements that he made were the result of his attempt to hide the alcohol in the car that he had been drinking rather than the result of an attempt to hide the gun. Although either inference would have been reasonable, other evidence was presented that Comberger and his companions each carried a dark stocking in his pocket, that another weapon was located in the car, and that other objects that could be used as weapons were within Comberger's reach. After reviewing the entire record, we cannot say that the jury's conclusion was contrary to the manifest weight of the evidence.
In his second assignment of error, Comberger asserts that the lower court erred by admitting evidence that after they were arrested on the instant charges, Comberger and his companions used racial slurs and other antagonizing language towards the arresting officers. The assignment is without merit.
While the trial court might have erred in allowing this testimony, error in the admission of other act testimony is harmless when there is no reasonable possibility that the testimony contributed to a defendant's conviction.[5] In this case, the record demonstrates that the jury was not influenced this evidence. The jury's acquittal of Comberger on the charge of possession of criminal tools demonstrates that the jury carefully weighed the evidence presented and the applicable law, and that it did not convict Comberger because of a belief that he had a bad character. Accordingly, the second assignment of error is overruled and the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Messer (1995), 107 Ohio App.3d 51, 56, 667 N.E.2d 1022,1025.
[3] See State v. Smith (1993), 92 Ohio App.3d 172, 175, 634 N.E.2d 659,661; State v. Gibson (1993), 89 Ohio App.3d 188, 191, 623 N.E.2d 1266,1268.
[4] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720; State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[5] State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, paragraph three of the syllabus.