OPINION
{¶ 1} Defendant-Appellant, Daniel H. Chaney, appeals his convictions on two counts of gross sexual imposition and the judgment of the Seneca County Court of Common Pleas imposing two four year sentences to be served consecutively to each other as well as consecutively to the sentence in Seneca County Case Number 04 CR 0131.[1] On appeal, Chaney contends that the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29; that the trial court erred in granting the State's notice of intent to introduce other acts evidence; that the trial court erred in using post-1996 sentencing guidelines to sentence him; that the trial court erred in sentencing him to a third degree felony instead of a fourth degree felony; and, that the trial court erred in permitting prosecutorial misconduct during the closing arguments. Finding that Chaney was improperly sentenced under post-1996 Sentencing Guidelines, we reverse that portion of the trial court's judgment and remand the matter for further proceedings consistent with this opinion. However, the judgment is affirmed in all other respects.
 {¶ 2} In Seneca County Case Number 04 CR 0131, Chaney was accused by his step-daughter, B.C., of rape and gross sexual imposition. After these accusations against Chaney were raised by B.C., Chaney was at a family meeting where his wife and numerous family members were present. During this family meeting, the members of Chaney's family brought up B.C.'s allegations after which Chaney left the meeting. Also, during this meeting, additional allegations surfaced involving B.C.'s cousins, M.W. and K.C.
 {¶ 3} M.W. stated that in 1993 or 1994, when she was six or seven years old, two incidents occurred. In the first incident, M.W. stated that she and B.C. were sleeping on the living room floor at Chaney's residence. M.W. stated that she woke up and Chaney was next to her without clothes on and was masturbating. M.W. stated that Chaney proceeded to ask her if she wanted to touch him, removed M.W.'s clothes, and touched her bare breasts and vagina. M.W. stated that at the time this incident occurred, she did not have any breasts to touch, but Chaney did fondle her breast area. In the second incident, M.W. stated that she and B.C. were sleeping on the floor in the dining room of Chaney's residence, when Chaney knelt beside her causing her to wake up. M.W. continued that after she woke up, Chaney stated that it would not take long and proceeded to perform the same acts as the first incident.
 {¶ 4} K.C. stated that in 1992, when she was nine years old, she stayed at B.C.'s house in Tiffin. K.C. stated that while she and B.C. were sleeping in front of the television, she suddenly woke up to the sound of the television, noticed that a pornographic movie was on the television, and rolled away from the television. K.C. continued that when she rolled away from the television, she saw Chaney sitting Indian style on the floor totally naked. K.C. stated that she believed that Chaney was masturbating while sitting there. K.C. also stated that Chaney attempted to remove the covers off her and attempted to lie on top of her. K.C. finally stated that Chaney was able to get his hand up inside the covers, touched her chest area between her breasts, and touched the top of her vagina.
 {¶ 5} In October of 2004, a Seneca County Grand Jury indicted Chaney on two counts of gross sexual imposition in violation of R.C.2907.05(A)(4), felonies of the third degree. Count One of the indictment charged that sometime during the year of 1993 and/or 1994, as part of a continuous course of conduct, Chaney engaged in sexual contact with M.W., who was less than thirteen years old at the time of the offense. Count Two of the indictment charged that sometime in May of 1992, Chaney engaged in sexual contact with K.C., who was less than thirteen years old at the time of the offense. Neither M.W. nor K.C. has been married to Chaney at any time.
 {¶ 6} In March of 2005, a jury unanimously found Chaney guilty on both counts of gross sexual imposition. Subsequently, a sentencing and sexual offender classification hearing was held. At the sentencing hearing, Chaney was sentenced to four years on each count of gross sexual imposition, and the trial court ordered these sentences be served consecutively to each other and to the sentences imposed in Seneca County Case Number 04 CR 0131. Chaney was also adjudicated a sexual predator, under R.C. 2950.09. It is from this judgment that Chaney appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I Defendant's conviction was not supported by sufficient credible evidence. The trial court erred in denying Defendant's Motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 Assignment of Error No. II The trial court erred when it permitted the Notice of Intent to Introduce Other Acts Evidence to be granted.
 Assignment of Error No. III The trial court erred when it used post-1996 sentencing guidelines to sentence the Appellant.
 Assignment of Error No. IV The trial court erred when it sentenced the Appellant to a Third Degree felony.
 Assignment of Error No. V The trial court erred when it permitted prosecutorial misconduct during closing argument (Sic).
 {¶ 7} Due to the nature of Chaney's assignments of error, we choose to address them out of order.
 Assignment of Error No. I {¶ 8} In his first assignment of error, Chaney argues that the trial court erred in denying his motion for acquittal, filed under Crim.R. 29(A). Specifically, Chaney contends that the evidence proving venue as to Count One was insufficient and that the evidence as to the element of sexual contact with respect to Count Two was insufficient. We disagree.
 {¶ 9} Crim.R. 29 provides:
 (A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 {¶ 10} Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman
(1978), 55 Ohio St.2d 261. When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1981), 61 Ohio St.3d 259, superseded by state constitutional amendment on other grounds as stated inState v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355. A motion for acquittal tests the sufficiency of the evidence. State v. Miley (1996),114 Ohio App.3d 738, 742. Sufficiency is a test of adequacy, State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, superseded by state constitutional amendment on other grounds as stated in Smith,80 Ohio St.3d 89, 1997-Ohio-355, and the question of whether evidence is sufficient to sustain a verdict is one of law. State v. Robinson (1955),162 Ohio St. 486, superseded by state constitutional amendment on other grounds as stated in Smith, 80 Ohio St.3d 89, 1997-Ohio-355.
 Count One — Venue {¶ 11} Chaney argues that the State failed to establish venue in Count One, during the trial. We disagree.
 {¶ 12} The Ohio venue statute in criminal cases is R.C. 2901.12, which provides: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." The Ohio Supreme Court has held that venue must be proven beyond a reasonable doubt, unless waived by the defendant, even though it is not a material element of the crime charged. State v. Jalowiec (2001),91 Ohio St.3d 220, 228, 2001-Ohio-26; see also, Section 10 of the Ohio Constitution. However, "venue need not be proved in express terms so long as it is established by all the facts and circumstances of the case." State v.Headley (1983), 6 Ohio St.3d 475, 477 citing State v. Dickerson (1907),77 Ohio St. 34, paragraph one of the syllabus.
 {¶ 13} Here, while questioning K.C., the prosecutor for the State had the following exchange with K.C.:
 Prosecutor: Okay, And, back when you were around nine years of age back in May of 1992, did you have occasion to visit your cousin [B.C.] at your Aunt Esther's house in Tiffin?
 K.C.: Yes, I did.
 Q. Do you know where they lived at?
 A. They lived on South Sandusky, or Sandusky Street, yes, and — yeah.
(Trial Tr. p. 155).
 {¶ 14} Then, when questioning M.W., the prosecutor for the State had the following exchange:
 Prosecutor: Okay. Do you remember what school you went to back then?
 M.W. Uhm, in second grade, I went to Noble.
 Q. Okay. Do you remember where you lived at that time?
 Uhm, Rebecca Street.
 Q. Here, in Tiffin?
 Hm-hmm.
 Q. Okay. And do you remember where your cousin [B.C.] lived at that time?
 A. She lived on 53.
 Q. Okay. Fifty-three, does that have another name in town? What street is it?
 A. Sandusky Street. I don't know.
(Trial Tr. pp. 208-09).
 {¶ 15} Based on these two exchanges and the rest of the record, we believe that the house where the events took place was established to be in Seneca County. Even though during the exchange between M.W. and the prosecutor, M.W. never explicitly stated that the place where Brittany lived was in Tiffin, Ohio, any rational trier of fact would have concluded that Chaney molested M.W. in the City of Tiffin. Clearly, M.W. established that she had been at her cousin B.C.'s house, and B.C. lived on Sandusky Street in Tiffin, Ohio. Also, Detective Reinbolt testified that the reported incidents occurred at 124 South Sandusky Street. Therefore, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that venue was proven beyond a reasonable doubt as to Count One.
 Count Two — Insufficient Evidence {¶ 16} Chaney argues that there was insufficient evidence regarding the sexual contact with regards to K.C. in Count Two of the indictment. We disagree.
 {¶ 17} In Count Two, Chaney was charged with Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), with regards to sexual contact with K.C. in 1992. R.C. 2907.05(A)(4) provides:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 * * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
R.C. 2907.01(A) defines sexual contact as follows:
 (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
On direct examination, K.C. and the Prosecutor had the following exchange:
 Q: Okay. All right. What happened after you saw the defendant sitting there Indian style in the fashion you just described?
 A: Uhm, he proceeded to try to either wake me up or he tried to get my covers off of me. I had my covers around me.
 * * *
 Q: What was the next thing that happened once you tried to roll over and you said you stiffened up or tensed up?
 A: I tensed up, yeah. He proceeded — he proceeded to take his hand and take it up in between my breasts and down my vaginal area but, no, he didn't enter. He just kind of like rubbed over my torso, like my body.
 Q: Did he make contact with his hand on your —
 A: Yes.
 Q: — vagina?
 A: On the top of it, yes.
 Q: The vaginal area?
 A: On the top of it. The top of my like abdomen, like not — this. Is that clear enough? I don't — just on around that area.
(Trial Tr. pp. 164-66).
 {¶ 18} Upon review of the record and these specific exchanges and reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Specifically, we note that K.C. testified that Chaney had touched her pubic region and above. K.C. also testified, on direct examination, that Chaney had rubbed her torso, in between her breasts, and near her vagina, and did so while he exposed his erect penis.
 {¶ 19} After reviewing the evidence in a light most favorable to the prosecution, we find that any rational trial of fact could have found the essential elements of the crimes charged proven beyond a reasonable doubt. As a result, we find that there was sufficient evidence that Chaney engaged in sexual contact with K.C., and that the trial court properly denied Chaney's motion for acquittal under Crim.R. 29.
 {¶ 20} Accordingly, Chaney's first assignment of error must be overruled.
 Assignment of Error No. II {¶ 21} In his second assignment of error, Chaney argues that the trial court erred in permitting the State to introduce evidence of his prior bad acts under Evid.R. 404(B). Specifically, Chaney argues that the trial court erred in allowing the State to call B.C., the victim of Chaney's prior conviction for two counts of rape, in violation of R.C.2907.02(A)(1)(b)(2), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1)(4), to testify as an other acts witness.
 {¶ 22} We first note that Chaney failed to object to the admission of B.C.'s testimony. Absent plain error, Chaney's failure to object generally waives the right to appeal the issue. Crim.R. 52(B); State v.Long (1978), 53 Ohio St.2d 91, 97. To find plain error, the court must be able to conclude that but for the admission of the improper evidence, the outcome of the trial would clearly have been different.Long, 53 Ohio St.2d at 97.
 {¶ 23} Chaney correctly observes that "an accused can not be convicted of one crime by proving he committed other crimes or is a bad person."State v. Jamison (1990), 49 Ohio St.3d 182, 184. Generally, in a criminal trial, evidence of previous or subsequent criminal acts, wholly independent of the offense for which a defendant is on trial, are inadmissible. State v. Smith (1990), 49 Ohio St.3d 137, 139; State v.Wilkinson (1980), 64 Ohio St.2d 308, 314. Exceptions to this general rule are limited by Evid.R. 404(B) to instances where the probative value of the evidence is sufficient to allow its admission.Smith, 49 Ohio St.3d at 139. Evid.R. 404(B) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 24} Accordingly, extrinsic acts may not be used to prove by inference that the accused acted in conformity with his other acts or that he has a propensity to act in such a manner. Smith,49 Ohio St.3d at 140. Although Evid.R. 404(B) permits "other acts" evidence for certain enumerated issues, "the standard for determining admissibility of such evidence is strict." State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus. Furthermore, under Evid.R. 403(A), even relevant evidence which is admissible under ordinary circumstances must be excluded if the probative value of the evidence is outweighed by the danger of unfair prejudice.
 {¶ 25} On appeal, the State has argued that the testimony of B.C. was introduced for the purpose of establishing identity, opportunity, intent, knowledge, and absence of mistake or accident. However, Chaney argues that the State introduced the evidence for no other reason than to show Chaney's criminal propensity to commit such acts and claims that the testimony unfairly prejudiced him.
 {¶ 26} At trial, before allowing B.C.'s testimony, the trial court admonished the jury with the following remarks.
 You're about to hear the testimony from [B.C.]. [B.C.] is going to testify as to other acts other than the offenses which [Chaney] is charged in this trial. [Chaney] is charged with gross sexual imposition as it relates to [K.C.] and gross sexual imposition as it relates to [M.W.]. There are no other charges in this case.
 However, the Court does allow other acts * * * for a limited purpose only. It is being received * * * to find various things, and I'll review those with you. It is not received, and you may not consider it to prove the character of [Chaney] in order to show that he acted in conformity with that character. Now, if you find the evidence that you're going to hear is true and, (about other acts) and [Chaney] committed those other acts, you may consider this testimony and evidence only for the purpose of deciding whether it proves the absence of a mistake or accident in doing the offenses charged in this trial; or [Chaney's] opportunity or purpose to commit the offenses charged in this trial; or knowledge of circumstances surrounding the offenses charged in this trial, or the modus operandi, which I instructed earlier. In other words, [Chaney's] scheme, plan or system in doing the offenses charged in this trial. And, this evidence that you're about to hear cannot be considered for any other purpose other than what I've just mentioned.
(Trial Tr. pp. 245-46).
 {¶ 27} After the trial court's preliminary remarks to the jury, B.C. testified in explicit detail about Chaney's past actions toward her. At the conclusion of the trial, the trial court gave the jury the following final instructions:
 Now, evidence was received * * * from [B.C.] about the commission of a crime or other act other than the offense which [Chaney] is charged in this trial. That evidence was received only for a limited purpose. It was not received, and you may not consider it to prove the character of the defendant in order to show that he acted in conformity with that character.
 Now, if you find that the evidence of the other crime or act is true and the defendant committed it, you may consider that evidence only for the purposes of — only for the purpose of deciding whether it proves the absence of mistake or accident in doing the offenses charged in this trial, [Chaney's] opportunity or purpose to commit the offenses charged in this trial, or knowledge of circumstances surrounding the offenses charged in this trial, the identity of the person who committed the offenses charged in this trial, the modus operandi, [Chaney's] scheme, plan or system in doing the offenses charged in this trial. And, that evidence that the Court has allowed you to hear regarding [B.C.] cannot be considered for any other purpose than what's listed here.
(Trial Tr. pp. 291-92).
 {¶ 28} Upon review of the foregoing testimony and instructions, we find that B.C.'s testimony was probative as to whether he committed the acts for which he was indicted. However, due to the serious potential for prejudical error, this Court consistently urges caution on the part of the state in choosing to present "other acts" testimony, especially in its case-in-chief. Moreover, in this case we emphasize that we are only required to review this testimony under a "plain error" standard. With this limitation in mind, we cannot say that but for the admission of B.C.'s testimony the outcome of the trial would clearly have been different. Therefore, we cannot find that the error rises to the high standard required for plain error.
 {¶ 29} Accordingly, Chaney's second assignment of error is overruled.
 Assignment of Error No. IV {¶ 30} In his fourth assignment of error, Chaney asserts that the trial court erred when it sentenced him to a third degree felony instead of a fourth degree felony. Specifically, Chaney argues that the jury's failure to specifically specify the victim's age in its guilty verdict, or the degree of the offense only allows him to be sentenced for a fourth degree felony. We disagree.
 {¶ 31} R.C. 2945.75(A)(2) provides in relevant part:
 A guilty verdict shall state either the degree of the offense of which the offender is found guilty or that such additional element or elements are present. Otherwise a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
 {¶ 32} R.C. 2907.05(B) provides in relevant part:
 Whoever violates this section is guilty of gross sexual imposition. Violation of division (A)(1) or (2) of this section is a felony of the fourth degree. Violation of division (A)(3) of this section is a felony of the third degree.
 {¶ 33} Here, the indictment clearly stated all the elements necessary to complete an offense under R.C. 2907.05(A)(3). "The general verdict of the jury does not require the finding of an additional element or elements to make the offense a third degree felony." State v.Heidelburg (1986), 30 Ohio App.3d 265, 266. The jury must conclude that the State has proven beyond a reasonable doubt that the "other person * * * is less than thirteen years of age * * *." R.C. 2907.05(A)(3). However, the finding of the specific age of the victim is not "a necessary additional element." Heidelburg, 30 Ohio App.3d, at 266.
 {¶ 34} Additionally, the jury verdicts provided:
 COUNT ONE
 We, the jury, find the defendant, Guilty, of the charge of Gross Sexual Imposition.
 COUNT TWO
 We, the jury, find the defendant, Guilty, of the charge of Gross Sexual Imposition.
 {¶ 35} Clearly, the jury was aware of the relevance of the children's age in this matter. Both the prosecutor and defense counsel so advised them and both victims testified. M.W. testified that she was six to seven years old at the time of the incident, and K.C. testified that she was nine years old at the time of the incident. More importantly, the trial judge, in his instructions to the jury, specifically told the jury that they must find, as an element of the offense, that the victim was under thirteen years of age. Thus, it may be inferred from the jury verdict and its reference to the charge in the indictment, which alleged the age which was involved, that the jury considered the element of age and believed that the element of age had been proven beyond a reasonable doubt. Any error in the form of the verdict is harmless. See State v.Trimner (Nov. 14, 1986), 3d Dist. No. 9-85-22; Heidelburg,30 Ohio App. 3d, at 266-67.
 {¶ 36} Accordingly, Chaney's fourth assignment of error is overruled.
 Assignment of Error No. V {¶ 37} In his fifth assignment of error, Chaney asserts that the trial court erred when it permitted prosecutorial misconduct during the closing argument. Specifically, Chaney objected to the following remarks by the prosecution which pertained to the presentation of evidence and witnesses:
 As an analogy, we hear all the time about disclosures that are several years later. A (Sic.) analogous type of situation, we know that there are persons that are in the clergy that engaged in * * *. There's persons in the clergy that had committed acts of sexual abuse many years ago that the victims finally have come forward years later. This is not an uncommon thing, and — that these are child victims that disclose years later. So, despite [defense counsel's] suggestion to you that, well, because this happened a long time ago and they didn't disclose it right away that that somehow you shouldn't believe the testimony, I submit to you, that is very common
(Trial Tr. pp. 336-37). Chaney contends that these remarks were inappropriate, that the statements were not evidence, and that the statements were intentionally made to improperly influence the jury. We disagree.
 {¶ 38} The test concerning prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v. Lott (1990),51 Ohio St.3d 160. An appellate court should consider several factors in making this determination: "(1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant."State v. Braxton (1995), 102 Ohio App.3d 28, 41. The reviewing court should also ask whether the misconduct was an isolated incident in an otherwise properly tried case. Id. A prosecutor's misconduct will not be considered grounds for reversal unless the misconduct has deprived the defendant of a fair trial. Id.
 {¶ 39} In the case at bar, the prosecutor's remarks were made in his closing argument. Defense counsel objected to the above quoted portions of the prosecutor's closing argument. Following an objection to the prosecutor's remark, the trial court stated "It's closing argument. It's overruled. Again, this is not evidence. It's just to assist the jury in analyzing the evidence that's presented in this case. You may proceed." (Trial Tr. pp. 336-37). Over the course of the trial, the State built a strong case against Chaney, which he did not counter with his own witnesses or evidence. In total, the alleged misconduct was an isolated incident and we cannot conclude that such minor misconduct deprived the defendant of a fair trial.
 {¶ 40} Accordingly, Chaney's fifth assignment of error is overruled.
 Assignment of Error No. III {¶ 41} In his third assignment of error, Chaney asserts that the trial court erred in sentencing him under the post-1996 sentencing guidelines instead of the pre-1996 sentencing guidelines. Specifically, Chaney argues that since the alleged acts occurred prior to 1996, the trial court should have used the pre-1996 sentencing guidelines instead of the post-1996 guidelines. We agree.
 {¶ 42} "A failure to assert an alleged error in the trial court waives that error on appeal, unless, but for the error, the outcome of the trial court's decision would have been different." State v. Nathan
(1995), 99 Ohio App.3d 722, 728, citing State v. Gibson (1993),89 Ohio App.3d 188. Chaney failed to object to the sentencing of Counts One and Two, which waives all but plain error. Crim.R. 52(B). However, because an error in sentencing deprives an individual of a substantial right, an error in sentencing rises to the level of plain error. State v.Slagle (1992), 65 Ohio St.3d 597, 612.
 {¶ 43} Thus, the question before us is whether the trial court committed plain error by sentencing Chaney in accordance with the law in effect after July 1, 1996. The Ohio Supreme Court has found that the Amended Senate Bill 2 sentencing provisions are inapplicable to those defendants who committed crimes prior to its July 1, 1996 effective date. State v. Rush, 83 Ohio St.3d 53, 55, 1998-Ohio-423. Therefore, only if Chaney committed the crimes charged after July 1, 1996, did the trial court properly sentence him.
 {¶ 44} Upon review of the record, it is undisputed that the alleged crimes occurred between 1992 and 1994. Thus, pursuant to Rush, the trial court committed plain error when it sentenced Chaney in accordance with sentencing laws in effect after July 1, 1996 because, according to the undisputed evidence, the crimes charged occurred prior to July 1, 1996.
 {¶ 45} Accordingly, Chaney's third assignment of error is sustained and we remand this cause to the trial court to sentence Chaney on Counts One and Two in accordance with the sentencing law in effect prior to July 1, 1996.[2]
 {¶ 46} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued in Appellant's first, second, fourth, and fifth assignments of error, but having found error prejudicial to Appellant in his third assignment of error, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
[1] In Seneca County Case Number 04 CR 0131, Chaney was sentenced to a mandatory term of life imprisonment for raping B.C., by force, nine years for another count of rape without force, and an additional four years for one count of gross sexual imposition. That case has been appealed to this court but is not at issue in this decision. See State v. Chaney, ___ Ohio App. 3d ___, 2006-Ohio-5288.
[2] We note that the Appellee's brief indicated that the trial court apparently has already conducted a meeting with all parties and sua sponte scheduled another sentencing hearing to resentence Chaney under pre-1996 sentencing guidelines. We question the trial court's jurisdiction to resentence Chaney, prior to the disposition of this appeal, because the trial court has no jurisdiction to resentence while this appeal is pending.
 Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
CUPP, J., concurs.