OPINION *Page 2 
{¶ 1} Defendant-appellant Daniel Chaney ("Chaney") brings this appeal from the judgment of the Court of Common Pleas of Seneca County sentencing him to consecutive sentences totaling four years in prison.
 {¶ 2} On March 8, 2005, Chaney was convicted of two counts of gross sexual imposition for violation of R.C 2907.05(A)(4). The trial court then sentenced Chaney to four years in prison on each count and ordered the sentences to be served concurrently. Chaney appealed his conviction and the sentence. On December 11, 2006, this court affirmed the convictions, but reversed the sentence. This court held that Chaney should have been sentenced according to the pre-1996 sentencing guidelines rather than the post-1996 guidelines. State v. Chaney, 3rd Dist. No. 13-05-12, 2006-Ohio-6489. The trial court held a new sentencing hearing on January 23, 2007. The trial court ordered Chaney to serve two years in prison on each conviction and ordered the sentences to be served consecutively for an aggregate sentence of four years in prison. Chaney appeals from this sentence and raises the following assignment of error.
 The trial court abused its discretion when it sentenced [Chaney] to consecutive sentences.
 {¶ 3} Chaney's sole assignment of error is that the trial court abused its discretion in sentencing him to consecutive sentences without explaining the *Page 3 
basis for the decision. To find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Upon the first appeal of this case, this court held that Chaney should have been sentenced pursuant to the law prior to 1996 as the offenses occurred in the early 1990's. The law at that time provided as follows.
 A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment in the following cases:
 (1) When the trial court specifies that it is to be served consecutively[.]
R.C. 2929.41(B) (April 9, 1993). The statute does not require the trial court to explain its reasoning for imposing consecutive sentences. This court notes that there is also no current requirement that a trial court explain its reasons for imposing consecutive sentences. State v.Park, 3rd Dist. No. 3-06-14, 2007-Ohio-1084, ¶ 3. Instead, under both versions of the statute, the trial court need only specify that a sentence is to be served consecutively.
 {¶ 4} In this case, Chaney was convicted of two third degree felonies. The range of sentences for a third degree felony is one to five years in prison. R.C. 2929.14(A)(3). The trial court sentenced Chaney to prison terms of two years on each conviction which is within the statutory range. However Chaney argues that the trial court erred by not explaining why he imposed the consecutive sentences. Since the trial court is not required to state its reasons for imposing *Page 4 
consecutive sentences, it did not abuse its discretion by not doing so. The trial court fully complied with the applicable statute by specifying that the sentences were to be served consecutively. The assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1