{¶ 31} Respectfully, I dissent from the result reached by the majority in regard to the second assignment of error. I would sustain the second assignment of error, which would render moot the first and third assignments of error.
 {¶ 32} At issue is Longbrake's testimony that, "I worked first shift, and we would take a consumer that was two on one in the community, we took him through McDonald's; and later on she — ." (Trial Tr., Mar. 28, 2008, at 270:20-23). During a sidebar held outside the hearing of the jury, the state represented that the evidence was admissible to prove a "common plan or scheme," an exception under Evid. R. 404(B). (Id. at 271:20-25). The court asked the prosecutor, "[a]nd it is your representation that this testimony will involve a similar situation to the three counts that would be submitted to the jury of consumers that the defendant was dealing with; is that your recitation?" (Id. at 272:7-11). The prosecutor said, "[t]hat's exactly it, Judge." (Id. at 272:12-13). The court overruled the objection, and allowed Longbrake to testify about the McDonald's incidents. (Id. at 274-276).
 {¶ 33} Despite the state's contentions, none of the above testimony establishes a common plan or scheme under Evid. R. 404(B). The state is prohibited from using "other crimes, wrongs, or acts," to prove that the defendant acted in conformity therewith. Evid. R. 404(B); State v.Jamison (1990), *Page 18 49 Ohio St.3d 182, 184, 552 N.E.2d 180. "Generally, in a criminal trial, evidence of previous or subsequent criminal acts, wholly independent of the offense for which a defendant is on trial, are inadmissible."State v. Chaney, 3d Dist. No. 13-05-12, 2006-Ohio-6489, at ¶ 23, citingState v. Smith (1990), 49 Ohio St.3d 137, 139; 551 N.E.2d 190; State v.Wilkinson (1980), 64 Ohio St.2d 308, 314, 415 N.E.2d 261. However, "other acts" evidence may be admitted during the state's case-in-chief to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid. R. 404(B);Chaney, at ¶ 23, citing Smith, at 139. "Although Evid. R. 404(B) permits `other acts' evidence for certain enumerated issues, `the standard for determining admissibility of such evidence is strict.'" Chaney, at ¶ 24, quoting State v. Broom (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, at paragraph one of the syllabus.
 {¶ 34} The Supreme Court of Ohio has limited the scope of "other acts" evidence when it is used to show the defendant's "plan" to two specific situations.
 First, those situations in which the "other acts" form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts. To be admissible pursuant to this sub-category of "scheme, plan or system" evidence, the "other acts" testimony must concern events which are inextricably related to the alleged criminal act. * * *
 Identity of the perpetrator of a crime is the second factual situation in which "scheme, plan or system" evidence is *Page 19 admissible. One recognized method of establishing that the accused committed the offense set forth in the indictment is to show that he has committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes.
(Emphasis added). State v. Curry (1975), 43 Ohio St.2d 66, 73,330 N.E.2d 720, citing Whiteman v. State (1928), 119 Ohio St. 285,164 N.E. 51; Barnett v. State (1922), 104 Ohio St. 298, 135 N.E. 647. Neither situation applies to this case. First, identity was not at issue. Several witnesses identified Baldwin, and Baldwin admitted that she signed the petty cash slips; that she bought items at J.C. Penney's and Goodwill; and that she reimbursed herself for the purchases. Longbrake's testimony was clearly not presented to prove identity. Second, the charges presented to the jury were not "virtually impossible to prove" without Longbrake's testimony about the McDonald's incidents.
 {¶ 35} The ultimate question in this case was not whether Baldwin purchased items at a store, or whether Baldwin purchased men's clothes or women's clothes or children's clothes, or whether Baldwin took the money for her purchases out of the consumers' "home accounts," but whether the consumers received any of the purchased items in exchange for their money; that is, whether Baldwin knowingly deprived the consumers of their property. One of the state's witnesses testified that she searched for the clothes in December 2006, two to four months after the clothes were purchased and supposedly given to the consumers. *Page 20 
However, that witness had no knowledge of what she should have been searching for. Other witnesses for the state testified that if the consumers had received new items, everybody in the facility would have known about it. Those witnesses stated that the staff would have made a "big deal" about the new items, not that the consumers would have done so. Therefore, if the staff was unaware that a consumer had received new items, as Baldwin alleged, it would have been impossible for them to celebrate over the new items. None of the state's witnesses were able to recall seeing any new items, which would explain the lack of celebration.
 {¶ 36} The defense presented testimony that Baldwin frequently purchased items for the consumers if she found a good deal while she was out on personal business. Baldwin testified that she gave all of the items purchased to the consumers. She explained that she may have put the clothes directly into the consumers' laundry to be washed, and she recalled one consumer thanking her for personal items she had bought him at Goodwill.
 {¶ 37} When the jury went into deliberations, it was faced solely with an issue of credibility, and the state's "other acts" evidence certainly was prejudicial in that regard. Not only did Longbrake testify that Baldwin ate food and then reimbursed herself for her meal in a manner similar to the offenses charged, but she also testified that Baldwin ate at McDonald's with the consumer a second *Page 21 
time, thus speculating that Baldwin charged her meal to the consumer's account once again even though she had no such personal knowledge. Longbrake's testimony served no other purpose than to show Baldwin's propensity to commit bad acts similar to those charged. In my opinion, the trial court erred in allowing Longbrake's testimony, which deprived the defendant of a fair trial. State v. Jones (2000), 90 Ohio St.3d 403,422, 739 N.E.2d 300, citing State v. Lott (1990), 51 Ohio St.3d 160,166, 555 N.E.2d 293, quoting United States v. Hastings (1983),461 U.S. 499, 508-509, 103 S.Ct. 1974, 76 L.Ed.2d 96 (litigants are entitled to a fair trial, not a perfect trial.).
 {¶ 38} I am aware of no exception in Evid. R. 404(B) that permits the state to introduce evidence of "prior bad acts" in an effort to show why an investigation into a defendant's conduct was begun; nor has the majority cited any authority to support its proposition. Even if the evidence was allowed to show why an investigation began, such evidence would be irrelevant to the state's task of proving beyond a reasonable doubt the elements of the indicted offenses. Today's majority opinion has rendered meaningless the protections intended to be extended under Evid. R. 404(B).
 {¶ 39} I also disagree with the majority's conclusion that Longbrake's testimony about the McDonald's incidents "tended to show a lack of mistake, accident or coincidence." During trial, the state argued that Longbrake's *Page 22 
testimony established a "common plan or scheme." To allow the state to ignore that statement on appeal and now pick a "better" argument for appellate purposes removes the trial court's ability to render evidentiary rulings at trial. See State v. Zamora, 3d Dist. Nos. 11-08-04 and 11-08-05, 2008-Ohio-4410, at ¶ 26 (citations omitted);State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections (1992),65 Ohio St.3d 175, 177, 602 N.E.2d 622 (citations omitted). For these reasons, I would sustain the second assignment of error and remand this matter for additional proceedings. *Page 1